IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT BROOKS, et al.           :        CIVIL ACTION
                                :
        v.                      :
                                :        No. 07-5134
HARLEY-DAVIDSON MOTOR COMPANY,  :
et al.                          :

## **ORDER-MEMORANDUM**

AND NOW, this 30th day of June, 2008, "Plaintiffs' Motion to Remand" (docket no. 3) is granted, and this action is remanded to the Court of Common Pleas of Philadelphia County because of lack of federal subject matter jurisdiction. Plaintiffs' motion for costs and attorneys' fees is denied.

This is a products liability and negligence action arising from a motorcycle accident on August 10, 2006 in which plaintiff Robert Brooks was injured. Notice of Removal based on diversity, ¶ 11. The action was begun by summons, and the fact record as to jurisdiction consists of the notice of removal.

Plaintiffs are also Brooks' wife, Katherine, and adult son Kenneth, both of whom assert loss of consortium claims against defendants. Id. According to the removal notice, Mr. and Mrs. Brooks are citizens of Maryland. Kenneth Brooks is a citizen of Delaware. Defendants are Harley-Davidson Motor Company, a Wisconsin corporation with a principal place of business in Wisconsin; Fred Gates, vice-president and general manager of Harley-Davidson's assembly plant and a Pennsylvania citizen; Kuser Enterprises, Inc., a New Jersey corporation with a principal place of business in New Jersey; and Mike's Famous Harley-

Davidson, Inc., a Delaware corporation with a principal place of business in Delaware.

On December 5, 2007, defendants Harley-Davidson and Fred Gates removed the action to this court, on the ground of diversity jurisdiction. It is Harley-Davidson's position that the citizenship of the adult son and of individual defendant Fred Gates must be disregarded because of fraudulent joinder. The contentions are as follows: as to Kenneth Brooks, the adult son, state law does not recognize loss of consortium claims by adult children; as to Fred Gates, employees of manufacturers are not subject to individual liability in products cases absent active malfeasance.[1]  Memorandum of Law (docket no. 8) at 2.

Plaintiff moves to remand, arguing that these parties were not fraudulently joined, that the presence of plaintiff's son destroys complete diversity, and the presence of Fred Gates, a Pennsylvania citizen, renders removal improper under 28 U.S.C. § 1441(b).

As to Kenneth Brooks - plaintiff contends that either Wisconsin or Delaware state law may recognize a loss of consortium claim brought by an adult child, citing decisions from several state courts.[2]  Defendants counter that both Wisconsin and Delaware have expressly rejected loss of consortium claims brought by adult children. Wells v. Mount Sinai Medical

---

[1] Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (fraudulently joined parties may be disregarded for purposes of determining whether removal was proper.)  "Joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992);

[2] Plaintiffs cite cases from Ohio, Oklahoma, Texas, Iowa, Washington and Arizona recognizing the availability or potential availability of the cause of action as to adult children. Plaintiffs' motion, ¶ 16.

2

Center, 515 N.W.2d 705, 709 (Wisc. 1994) ("declining to extend the parent's [loss of society and companionship cause of action] to their negligently-injured children."); Lacy v. G.D. Searle & Co., 484 A.2d 527, 532 (Del. Super. 1984), citing Broomall v. Reed, 445 A.2d 334 (1981) (marital status "contrasts with even other family relationships, such as that of parent and child, where no comparable cause of action exists and each non-spouse family member must meet the 'zone of danger' test.")[3]

As to Fred Gates - he has submitted an affidavit stating that he had no role in the manufacture, assembly, inspection, testing, packaging or shipment of the motorcycle at issue. Gates Affidavit, ¶ 4.[4] Whether or not Pennsylvania law would permit imposition of liability on a corporate officer or agent who has participated in tortious activity,[5] that issue does not seem to be involved here. Without a complaint, however, there is no basis for a ruling.

Though Kenneth Brooks' loss of consortium claim, as well as all claims against Fred Gates, appear to be untenable, the inquiry at this point is jurisdictional. This is not a motion

---

[3] Defendants state that during a pre-litigation mediation session, it was established that plaintiff's son was not a witness to his father's accident or otherwise within the zone of danger. Defendants' memorandum at 3-4. However, no complaint had been filed, and there is no record evidence on this point.

[4] Consideration of affidavits is permissible in deciding a motion to remand. In re Diet Drugs, 2004 WL 1824357, at *2 (E.D. Pa., Aug. 12, 2004), citing Wilson v. Republic Iron & Steele Co., 257 U.S. 92, 98 (1921) ("if a plaintiff contests a defendant's assertion that joinder of another defendant was a sham to defeat removal, the District Court must determine the facts from the evidence.")

[5] Under Pennsylvania law, "a corporate officer can be held liable for 'misfeasance,' i.e. the improper performance of an act, but not for 'mere nonfeasance,' i.e., the omission of an act which a person ought to do." Brindley v. Woodland Village Restaurant, Inc., 652 A.2d 865, 868 (Pa. Super. 1995).

3

to dismiss.  See Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992) (district court erred in dismissing from action non-diverse parties where the complaint "fail[ed] to state a valid claim. . . . But the inquiry into the validity of a complaint triggered by a motion to dismiss under 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder.  Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted").

"Removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand,'" id..  Absent a complaint, it cannot be said that plaintiffs' claims are "so defective that they should never have been brought at the outset." Id. at 854, quoting Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Therefore, it would be inappropriate to disregard the presence of the non-diverse parties, and the presence of a Pennsylvania citizen.  As a result, this court lacks subject matter jurisdiction, and the case must be remanded.

This is not meant to be an endorsement of plaintiffs' claims, only a recognition that this court lacks subject matter jurisdiction to render a decision on their merits.

BY THE COURT:


/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.